UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALEKSANDRA A. SAMBORSKAYA,

Plaintiff,

v.

USAA GENERAL INDEMNITY COMPANY,

Defendant.

Case No. 2:26-cv-01044-JAD-EJY

**ORDER**

Before the Court is Plaintiff's Motion for Sanctions. ECF No. 29. Plaintiff's Motion focuses on obtaining the "date Defendant first received the rental-payment receipts." *Id.* at 2. After reviewing Plaintiff's Motion, the Court finds no responsive pleading is necessary.

Plaintiff relies on Interrogatory No. 12 and Request for Production No. 13, stating Defendant refused to provide the information she seeks. *Id.* at 2-3. Plaintiff's Interrogatory No. 12 states:

> Plaintiff submitted through Defendant's portal a lease agreement, temporary housing documentation, and rental receipts. For each such document Defendant acknowledges receiving, identify every action taken after receipt, including date, person, purpose, result, documents, and internal review.

Plaintiff's Request to Produce No. 13 states:

> Produce all documents reflecting when Defendant: (a) first received Plaintiff's photographs, (b) first received contractor estimates, (c) first received rental documentation, (d) first received rent receipts, (e) first received the police report, and (f) first reviewed such materials.

Neither of these discovery requests seeks a narrative that would include the date on which Defendant first received Plaintiff's rental receipts. Interrogatory 12 does not seek the date on which rental receipts were first received; rather, Plaintiff seeks, *inter alia*, the action taken after receipts were received and the dates of those actions. Request for Production No. 13 seeks the production of responsive documents, not a narrative. Defendants has identified the documents it contends provides this information. ECF No. 29 at 2. Calling for a narrative response to a request for production of documents is beyond the scope of Fed. R. Civ. P. 34. *Cholakyan v. Mercedes-Benz USA*, Case No.

CV 10-5944 MMM(JC), 2011 WL 7575379, at * 10 (C.D. Cal. Dec. 20, 2011) (finding a document request that does not call for the production of documents under Fed. R. Civ. P. 34, but for information, is more appropriately sought through an interrogatory).

Federal Rule of Civil Procedure 37(b) states, in pertinent part: "If a party … fails to obey an order to provide or permit discovery, …, the court where the action is pending may issue further just orders." District court have broad discretion to determine whether and what sanctions, if any, are appropriate under Rule 37. 8B Wright, Miller, Marcus, Federal Practice & Procedure: Civil § 2284 (3rd ed. 2010); *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (*per curiam*). Here, as explained above, neither Interrogatory No. 12 nor Request to Produce 13 require Defendant to provide the information Plaintiff complains has been inappropriately withheld. Thus, Defendant has not failed to respond to discovery. Given Defendant did not fail to comply with its discovery obligations, the Court finds sanctions under Rule 37 are not appropriate.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions (ECF No. 29) is DENIED.

IT IS FURTHER ORDERED that to bring an end to Plaintiff's request for the date on which Defendant first received her rental-payment receipts, Defendant must provide this date and the Bates numbered document on which this information is found to Plaintiff no later than **November 25, 2026**. The information can be provided in a letter or email to Plaintiff as a courtesy to the Court.

Dated this 16th day of November, 2026.

Elayna J. Youchah

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE